IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| In re: | ) | Case No. BK25-80366 |
| | ) | |
| RICHARD N. BERKSHIRE, | ) | |
| | ) | Chapter 11 |
| Debtor. | ) | |
| | ) | |
| BP PARTNERSHIP, LP | ) | Adv. P. 25-8007 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| RICHARD N. BERKSHIRE, | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| LESLIE J. BERKSHIRE; LAURIE B. MEYERS; the ESTATE OF JOANNE N. BERKSHIRE; BANK OF AMERICA N.A.; and PAUL MEYERS, individually and as trustee of the RICHARD N. BERKSHIRE TRUST, | ) | |
| | ) | |
| Third-Party Defendants. | ) | |

**Order Dismissing Counterclaim and Third-Party Complaint**

This matter is before the court on the motions filed by third-party defendants to dismiss or strike the counterclaim and third-party claims filed by the defendant and debtor Richard N. Berkshire. The motions to dismiss are granted without prejudice. The debtor does not presently have standing to bring the counterclaim or third-party claims because a Chapter 11 trustee is appointed in this case and only the Chapter 11 trustee has standing. In addition, the claims are not properly joined. The counterclaim is not against the plaintiff BP Partnership, LP, making it improper. And because the third-party complaint is predicated solely on claims stated in the improper counterclaim, the third-party complaint is also improper.

## Findings of Fact

BP Partnership filed this adversary proceeding seeking to except from discharge a $2.865 million judgment it obtained against the debtor. The partners of BP Partnership include the debtor, the debtor's brother-in law, and the debtor's two sisters. The judgment is on account of the debtor's multiple breaches of multiple fiduciary duties to the partnership. The judgment is one piece of several ongoing disputes between the debtor and his family.

In response to the adversary complaint, the debtor filed a permissive "counterclaim" and third-party complaint regarding a trust created by his mother, Joanne Berkshire. Upon Mrs. Berkshire's death, portions of the Joanne Berkshire Trust are to be used to fund residual trusts. The debtor is a beneficiary of one of the residual trusts. The debtor's residual trust appears to be a spendthrift trust.[1] The debtor asserts Bank of America – the trustee of his mother's trust, and his sisters, and his brother-in-law conspired not to fund his residual trust, forcing the debtor to seek bankruptcy protection, which in turn damaged his reputation.[2] The debtor asserts he is entitled to funds from his residual trust and he may use them to pay the judgment of BP Partnership.[3]

---

[1] In response to the court's order to show cause entered in this adversary proceeding and in the debtor's bankruptcy case, the debtor in his bankruptcy case asserted the trust contains a spendthrift provision – "No Assignment. Each trust shall be a spendthrift trust to the maximum extent permitted by law and no interest in any trust hereunder shall be subject to a beneficiary's liabilities or creditor claims, assignment or anticipation." Am. & Restated Trust Agreement, Art. XIII (Ex. 2 to Doc. #140). The debtor also cited language in the trust granting the trustee discretion to expend trust funds for the debtor's health and welfare.

[2] Complicating matters, the debtor's sisters are also beneficiaries of the Joanne Berkshire Trust. Although the trustee of the mother's trust is an employee of Bank of America, the trustee of the debtor's residual trust, once funded, is the debtor's brother-in-law.

[3] It appears the debtor is using his bankruptcy case and this adversary proceeding, at least in part, to gain access to the residual trust funds in contravention of the trust's spendthrift provisions. One of the Chapter 11 plans filed by the debtor provided, "Upon funding of the Debtor's trust he is the beneficiary of from the estate of Jo Ann [sic] Berkshire, the Debtor will withdraw the trust corpus in a sufficient amount the [sic] pay his judgment creditors in full, plus interest at the statutory rate. The Debtor will then dismiss the bankruptcy." Plan of Reorganization § 5, ¶ 2 (Doc. #43). In other

In the third-party complaint, the debtor asserts causes of action for breach of fiduciary duty, tortious interference with a business expectancy, and conspiracy. The debtor's allegations are "on good faith and belief" and are at times contradictory. He alleges the conspirators 1) failed to affirmatively instruct the trustee to fund the trust;[4] 2) affirmatively instructed the trustee not to fund the trust;[5] and 3) may have affirmatively instructed the trustee to fund the trust, which instruction the trustee ignored,[6] which collectively appear to be the universe of potential options. According to the complaint, the foregoing rises to a breach of fiduciary duty,[7] a duty all defendants allegedly owe the debtor.[8] The debtor seeks a judgment for damage to his reputation, plus attorney's fees, and costs.[9]

Two of the third-party defendants filed motions to dismiss or strike. Collectively, they assert several grounds in support of their motions. They assert the court has no jurisdiction over the claims under 28 U.S.C. § 157. They assert impleader is not proper under Federal Rule of Civil Procedure 14. They assert the complaint fails to state a claim under Rule 12(b)(6). And they assert the debtor has no standing to bring the claims, which belong to the Chapter 11 trustee.

---

words, under this plan the debtor has no obligation to pay his creditors if the trust has no residual funds, if the trust is not funded, or if the trustee refuses to allow the trust to be subject to the debtor's "liabilities or creditor's claims."

[4] "On good faith and belief … [the brother-in-law] never contacted [the trustee] and informed him to fund the Richard N. Berkshire trust."

[5] "On good faith and belief … [the family members] informed [the trustee] not to fund the Richard N. Berkshire's [sic] trust."

[6] "If [the family members] told [the trustee] to fund Richard N. Berkshire's trust, [the trustee] failed to fund the trust."

[7] The alleged fiduciary duties arise from "the nature of said Trust and the Will of Joanne Berkshire".

[8] The debtor alleges his family members have not "resigned and/or sought court approval for their failure to fund the trust", which is another breach of fiduciary duty owed the debtor. It is not clear the position from which the debtor demands his family members resign. The debtor also alleges his sisters, as personal representatives of their mother's estate paid "certain" expenses related to the estate from the estate, which is an issue solely for the probate court, but which also seems wholly unremarkable.

[9] The debtor does not ask the court to compel the trustee to fund the trust, which also appears to be an issue appropriate for the probate court.

## Conclusions of Law

*The Debtor Lacks Standing to Bring the Claim*

The debtor does not have standing to bring the claims asserted in the counterclaim and third-party complaint because a Chapter 11 trustee is appointed in this case. "Standing is, of course, a threshold issue in every case before a federal court. If a plaintiff lacks standing, he or she cannot invoke the jurisdiction of the court." *Wolfe v. Gilmour Mfg. Co.*, 143 F.3d 1122, 1126 (8th Cir. 1998). To the extent viable, the debtor's claims arose pre-petition and sound in tort. They seek damages for alleged injury to the debtor's reputation and seek attorney's fees. These claims belong to the Chapter 11 trustee until she abandons it.

> Causes of action, including causes of action for negligence, constitute property rights which are vested in the trustee of the bankruptcy estate upon commencement of a bankruptcy proceeding, such that the trustee gains standing to pursue the cause of action. As a result, once a bankruptcy petition is filed, the debtor loses standing to pursue any cause of action which accrued prior to the bankruptcy filing.

*Forrest v. Eilenstine*, 554 N.W.2d 802, 807 (Neb. App. 1996) (citations omitted).

The debtor did not respond to the motions to dismiss or strike, but asserted in during a hearing in his main bankruptcy case the claim is for personal injury and is therefore exempt under Nebraska law. Nebraska statute allows the debtor to exempt, "proceeds and benefits" including lump-sum payments "made as compensation for personal injuries or death." Neb. Rev. Stat. § 25-1563.02. But the United States District Court held the statute applies only to proceeds and benefits of a cause of action, not to the cause of action itself. *See Brueckner v. Burlington N. & Santa Fe Ry. Co.*, No. 4:04CV3006, 2005 WL 8167966, at *3 (D. Neb. Feb. 1, 2005) (citing *In re Key*, 255 B.R. 217, 220 (Bankr. D. Neb. 2000)). *Brueckner* is binding on this court and requires the Chapter 11 trustee abandon the claim before the debtor gains standing to prosecute it.[10] The claim has not been abandoned.

---

[10] During a show cause hearing in this case the Chapter 11 trustee requested the court dismiss the action without prejudice while she evaluates whether to pursue it.

*Improper Counterclaim and Impleader*

The third-party defendants are improperly joined, but not for the reasons stated in the motions. The motions assert the third-party defendants were improperly impleaded because Federal Rule 14 only allows a defending party "as third-party plaintiff [to] serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." The third-party defendants argue they have no liability for any part of the plaintiff's claim because the plaintiff does not seek a money judgment. The plaintiff seeks to except its debt from discharge.

The argument ignores the debtor may bring a permissive counterclaim under Federal Rule 13. Under the rule, "[a] counterclaim need not diminish or defeat the recovery sought by the opposing party. It may request relief that exceeds in amount or differs in kind from the relief sought by the opposing party." Fed. R. Civ. P. 13(c). The debtor may then implead additional parties liable on the counterclaim under Federal Rule of Civil Procedure 20. *See* Fed. R. Civ. P. 13(h).

A valid counterclaim is required to achieve the joinder, which does not exist in this case. A counterclaim may only be lodged against "an opposing party". *See* Federal Rule 13(b). The plaintiff in this case is BP Partnership, LP. The third-party complaint does not seek relief against the partnership. It seeks relief against the debtor's sisters and brother-in law, who happen to be members of the limited partnership.

In his complaint, the debtor asserts the "real parties in interest" are his sisters and brother-in-law. Federal Rule 17 requires every action be "prosecuted in the name of the real party in interest". The partnership is the real party in interest. The capacity to sue is governed by state law. *See* Fed. R. Civ. P. 17(b). Under Nebraska law limited partnerships are separate legal entities. *See* Neb. Rev. Stat. § 67-409; *Brook Valley Ltd. P'ship v. Mut. of Omaha Bank*, 825 N.W.2d 779, 790 (Neb. 2013). Under Nebraska law, "A partnership may sue and be sued in the name of the partnership." Neb. Rev. Stat. § 67-419(1). The partnership is a named plaintiff who obtained the judgment against the debtor in the state court action, which judgment is the subject of the complaint. It can sue to except the debt from discharge and is the real party in interest. The debtor cannot substitute the plaintiff he desires by mere allegation. Because the partnership is not a counterclaimant, the counterclaim fails. As the counterclaim falls, so falls the third-party complaint.

*Dismissal Under Rule 12(b)(6)*

Because the case is not properly before the court, the court makes no determination as to the actionability, viability, or plausibility of the counterclaims or third-party claims.[11] And, even assuming the complaint is properly and plausibly pled, the matters regarding the Estate of Joanne Berkshire are being overseen by the Nebraska county court. The county court is a probate court with jurisdiction over Mrs. Berkshire's estate and trust. *See* Neb. Rev. Stat. §§ 24-517(1) and -517(8). Therefore even if the counterclaim and third-party complaint had been properly filed, this court would abstain from hearing them under 28 U.S.C. § 1334.

## Conclusion

The defendant's counterclaim and third-party complaint are dismissed without prejudice, or in the alternative this court abstains from hearing them.

Dated October 8, 2025

BY THE COURT

/s/ Brian S. Kruse
Brian S. Kruse
Bankruptcy Judge

---

[11] The court has questions regarding the plausibility of the claims as they are presently pled. The complaint alleges the debtor's residual trust is not yet funded. It does not allege the third-party defendants are obligated to fund it immediately or on the time frame demanded by the debtor. Once funded, as a spendthrift trust, how can the corpus of the trust be used to pay the debtor's judgment creditors? Would this not breach the residual trustee's duties to the residual trust's residual beneficiaries? And if so, how could the failure to fund the trust be the cause of the debtor's bankruptcy, which allegedly damaged the debtor's reputation? Was the bankruptcy filing not the debtor's decision, which he made after a state court judgment was entered against him?